# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ANNA EFAW,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0238** (BOR Appeal No. 2048899)
(Claim No. 2012034055)

**PPG INDUSTRIES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Anna Efaw, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. PPG Industries, Inc., by Gary W. Nickerson and James W. Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 12, 2014, in which the Board affirmed an October 3, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 7, 2013, decision denying authorization for a physiatry evaluation and treatment for a herniated disc. The Office of Judges also affirmed the claims administrator's August 14, 2012, decision denying authorization for a pain management consultation and its August 3, 2012, decision closing the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Efaw worked for PPG Industries, Inc. On April 27, 2012, she was injured when the metal grating she was walking on shifted and she fell. She was treated at the Wetzel County Hospital for a fractured right fibula. At the time, she also complained of left hip, left knee, left ankle, and left leg pain. Following the injury, Ms. Efaw was treated by Gary Nichols, M.D., who

1

also diagnosed her with chronic lower extremity pain and radiculopathy. The claims administrator held the claim compensable for a closed fracture of an unspecified part of the fibula. The claims administrator also granted Ms. Efaw temporary total disability benefits from April 28, 2012, to May 14, 2012. An MRI was then taken of Ms. Efaw's lower back which revealed severe right neural foraminal narrowing at the L5-S1 disc related to right lateral disc bulging and facet joint degenerative joint disease. J. David Lynch, M.D., evaluated Ms. Efaw after this MRI and found that her left hip, left knee, and right ankle had sustained soft tissue injuries. He found that these injuries had resolved. Dr. Lynch also determined that her lower back symptoms were not related to the compensable injury. He reached this conclusion because he found that she had chronic lower back problems. Dr. Lynch also found that an MRI taken on July 18, 2011, revealed that she had similar lumbar conditions prior to the date of the compensable injury. Dr. Lynch also believed that Ms. Efaw was able to return to work. On August 3, 2012, the claims administrator closed the claim for temporary total disability benefits. The claims administrator also denied a request for pain management treatment from Dr. Nichols related to her lumbar spine on August 14, 2012. Ms. Efaw then underwent a microdiscectomy to repair her L5-S1 disc herniation, and following the injury, Dr. Nichols found that Ms. Efaw's condition had improved. Donald Whiting, M.D., however, treated Ms. Efaw and found that she was unable to work and requested a physiatry evaluation related to her lower back. Dr. Whiting also issued a narrative report in which he found that Ms. Efaw's herniated lumbar disc was related to the compensable injury because she did not have radicular symptoms until after the April 27, 2012, injury. On January 7, 2013, the claims administrator denied Dr. Whiting's request for a physiatry evaluation. On October 3, 2013, the Office of Judges affirmed the claims administrator's August 3, 2012; August 14, 2012; and January 7, 2013, decisions. The Board of Review affirmed the Office of Judges' Order on February 12, 2014, leading Ms. Efaw to appeal.

The Office of Judges concluded that the evidence did not show that Ms. Efaw remained temporarily and totally disabled because of the compensable injury. The Office of Judges found that her current disability was related to her lower back symptoms and that she did not show these symptoms were caused or aggravated by the compensable injury. In reaching this conclusion, the Office of Judges relied on the opinion of Dr. Lynch. It also considered the treatment notes of Dr. Nichols but found that he did not initially relate Ms. Efaw's back complaints to the compensable injury. The Office of Judges noted that Dr. Nichols initially related her back problems to a chronic condition. It found that there was significant evidence in the record of pre-existing lumbar spine degeneration and lumbar pain radiating into her lower extremities. The Office of Judges also considered the opinion of Dr. Whiting but found that his assumption that Ms. Efaw's pre-existing symptoms had not included lower extremity radiculopathy was incorrect. The Office of Judges also concluded that the record did not demonstrate that the requested pain management consultation from Dr. Nichols and the requested physiatry evaluation from Dr. Whiting were reasonable medical treatment for the compensable injury. The Office of Judges found that both treatment requests related to Ms. Efaw's non-compensable lumbar spine problems instead of the compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Efaw has not demonstrated that she is entitled to additional temporary total disability

2

benefits or to the requested medical benefits. Ms. Efaw has not shown that she continued to be temporarily and totally disabled because of the compensable injury. The record shows that she suffered a fibula fracture as a result of her April 27, 2012, injury, and Dr. Lynch's evaluation demonstrates that she has recovered from that condition and is capable of returning to work. The evidence shows that any disability Ms. Efaw is currently experiencing is related to pre-existing lumbar problems. She has not demonstrated that the compensable injury aggravated her pre-existing condition, especially considering that the MRI taken prior to the compensable injury revealed a similar condition to her current lumbar problems. Ms. Efaw has also not shown that a pain management consultation, physiatry evaluation, and other treatment for a herniated disc are medically related and reasonably required to treat a compensable condition of the claim. These medical benefit requests are related to her lumbar spine conditions which are pre-existing and non-compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II